**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

PAUL BATISTE d/b/a ARTANG PUBLISHING, LLC, a Louisiana Limited Liability Company

Plaintiffs,

v.

RYAN LEWIS, BEN HAGGERTY, professionally known as MACKLEMORE, professionally and collectively known as MACKLEMORE AND RYAN LEWIS, individuals, MACKLEMORE PUBLISHING, RYAN LEWIS PUBLISHING, MACKLEMORE, LLC, ALTERNATIVE DISTRIBUTION ALLIANCE, ANDREW JOSLYN, ALLEN STONE, DB JOSLYN MUSIC, STICKYSTONES PUBLISHING,

Defendants.

Case No.:

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Comes now, Plaintiff, Paul Batiste d/b/a/ Artang Publishing, LLC, by and through its his counsel of record herein, for its complaint against Defendants, and each of them, alleges as follow:

**INTRODUCTION**

1. This is a civil action for the infringement of registered copyrights in violation of The U.S. Copyright Act brought by the Plaintiff, Paul Batiste d/b/a/ Artang Publishing, LLC, (hereinafter referred to as “Plaintiff”), to recover compensatory, statutory, and punitive damages as a result of the Defendants’ unauthorized exploitation of the copyrighted musical works of Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331, 1332, 1338 and 17 U.S.C. 101, et seq as this action is based upon federal copyright law.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) and 1400(a) as a substantial part of the events giving rise to this claim occurred in this district. Defendants regularly conduct business in the State of Louisiana and substantial acts of infringement have occurred in this district. Defendants expect or should have reasonably expected their acts to have consequences in this district. Defendants have directed their activities and marketing of musical recordings to Louisiana residents and Louisiana residents were able to purchase and download infringing musical recordings by way of mechanisms controlled or authorized by the Defendants.

## PARTIES

3. Plaintiff, Paul Batiste, doing business as, Artang Publishing, LLC is a Louisiana Limited Liability Company. Plaintiff is the founding member and owner of Artang Publishing, LLC and The Batiste Brothers Band, which was founded in 1976 in New Orleans, Louisiana. Plaintiff is considered a major influence of the current New Orleans jazz scene and has enjoyed immense success and recognition, both individually and through his work with the Batiste Brothers Band. The Batiste Brothers Band has oft been referred to as "legendary" based upon the Plaintiff's hard work, dedication, and unique original music, which have all been authored exclusively by Plaintiff.

4. Defendant Ryan Lewis, professionally and collectively known as "Macklemore & Ryan Lewis" is an individual, who, upon information and belief, is a citizen of the State of Washington.

5. Defendant Ben Haggerty, professionally known as "Macklemore," and one part of the collective, "Macklemore & Ryan Lewis" is an individual, who, upon information and belief, is a citizen of State of Washington.

6. Upon information and belief, Defendant Macklemore Publishing is an active corporation organized and existing pursuant to the laws of the State of Washington. Plaintiff is informed and believes, and thereupon alleges, that Macklemore Publishing does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

7. Upon information and belief, Defendant Ryan Lewis Publishing is an active corporation organized and existing pursuant to the laws of the State of Washington. Plaintiff is informed and believes, and thereupon alleges, that Ryan Lewis Publishing does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

8. Defendant Macklemore, LLC, is a limited liability company, organized and existing pursuant to the laws of the State of Washington. Plaintiff is informed and believes, and thereupon alleges, that Macklemore, LLC does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

9. Defendant Alternative Distribution Alliance is an active corporation organized and existing pursuant to the laws of the State of New York. Plaintiff is informed and

believes, and thereupon alleges, that Alternative Distribution Alliance does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

11. Defendant Andrew Joslyn is an individual, who, upon information and belief, is a citizen of the State of Washington.

12. Defendant Allen Stone is an individual, who, upon information and belief, is a citizen of the State of Washington.

13. Defendant DB Joslyn Music is an active corporation organized and existing pursuant to the laws of the State of Washington. Plaintiff is informed and believes, and thereupon alleges, that DB Joslyn Music does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

14. Upon information and belief, Defendant Stickystones Publishing is an active corporation organized and existing pursuant to the laws of the State of New York. Plaintiff is informed and believes, and thereupon alleges, that Stickystones Publishing does substantial, continuous and systematic business in the State of Louisiana and in this judicial district.

## FACTS

15. In or about 1997, Plaintiff authored sound recording and musical composition entitled "Hip Jazz." Plaintiff's "Hip Jazz" was wholly original and is registered with the U.S. Copyright Office, Registration Number SRu000375811. Plaintiff's "Hip Jazz" was recorded and released as part of the Paul Batiste's album "Seductive Recital." "Seductive Recital" was first published in 1997. The "Seductive Recital" album was wholly original and is registered with the U.S. Copyright Office, Registration Number SRu000375811.

16. In or about 2000, Plaintiff authored sound recording and musical composition in the entitled "World of Blues." Plaintiff's "World of Blues" was wholly original and is registered with the U.S. Copyright Office, Registration Number SR0000187088. Plaintiff's "World of Blues" (track) was recorded and released as part of the Paul Batiste's album "World of Blues." "World of Blues" (album) was first published in 2000. The "World of Blues" album was wholly original and is registered with the U.S. Copyright Office, Registration Number SR0000187088.

17. In or about 2001, Plaintiff authored sound recordings and musical compositions entitled "Tone Palette" and "Salsa 4 Elise (Fur Elise)." Plaintiff's "Tone Palette" and "Salsa 4 Elise (Fur Elise)" was wholly original and is registered with the U.S. Copyright Office, Registration Numbers SR0000733288 and PAu002628735. Plaintiff's "Tone Palette" and "Salsa 4 Elise (Fur Elise)" was recorded and released as part of the Paul Batiste's album "Tone Palette." "Tone Palette" (album) was first published in 2001. The "Tone Palette" album was wholly original and is registered with the U.S. Copyright Office, Registration Number SR0000733288 - PAu002628735.

18. In or about 1999, Plaintiff authored sound recordings and musical compositions entitled "I Got the Rhythm On." Plaintiff's "I Got the Rhythm On (Feel The Funk)" was wholly original and is registered with the U.S. Copyright Office, Registration Number SRu000409184. Plaintiff's "I Got the Rhythm On (Feel the Funk)" was recorded and released as part of the Paul Batiste's album "Move That Body." "Move That Body" (album) was first published in 1999. The "Move That Body" album was wholly original and is registered with the U.S. Copyright Office, Registration Number SRu000409184.

19. The Plaintiff is the sole owner of the copyright registered for "Hip Jazz," "World of Blues," "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On (Feel The Funk)" and is the sole author of the master, sound recordings, musical composition, and lyrics for the subject songs.

20. Defendants used unauthorized samples of "Hip Jazz," "World of Blues," "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On (Feel The Funk)" in two sound recordings, "Thrift Shop" and "Neon Cathedral," each of which was released by defendants on the Macklemore and Ryan Lewis's album, "Heist."

21. The Plaintiff did not authorize the defendants' reproduction, distribution, public performance of the sound recording, or creation of an unauthorized derivative work of "Thrift Shop" and "Neon Cathedral."

22. Defendants do not have any rights to reproduce, distribute, publicly perform, or create derivative works of samples of "Hip Jazz," "World of Blues," "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On (Feel The Funk)" in the sound recordings "Thrift Shop" and "Neon Cathedral."

24. At all times relevant to this action, Defendants have misappropriated many of the recognizable and key protected elements of the Plaintiff's works into their infringing works, "Thrift Shop" and "Neon Cathedral." The infringing work, "Thrift shop," misappropriates key protected elements of "Hip Jazz," including without limitation its beat, drums, introduction, and bass line. The infringing work, "Thrift Shop," also misappropriates key protected elements of "World of Blues," including without limitation its hook and melody to create its distinctive saxophone melody. It is the saxophone

melody that gives the infringing song its unique identity, which is looped throughout most of the song.

25. The infringing work, "Neon Cathedral," misappropriates key protected elements of "Tone Palette," including without limitation its hook, melody and chords. The infringing work, "Neon Cathedral," also misappropriates key protected elements of "Salsa 4 Elise (Fur Elise)," including without limitation its hook, melody and chords to create its distinctive melody. Lastly, the infringing work, "Neon Cathedral," also misappropriates key protected elements of "I Got the Rhythm On (Feel The Funk)" including without limitation its drums.

26. Defendants, without authority have willfully copied and digitally sampled many protected elements of the Plaintiff's copyrights and further infringed upon those copyrights by acts of reproduction, distribution, publish, display, and unauthorized creation of derivative works.

**FIRST CLAIM FOR RELIEF**

**(Copyright infringement of "Hip Jazz" and "World of Blues" into the sound recording, "Thrift Shop" against all defendants)**

27. Plaintiff repeats and re-alleges paragraphs 1 through 7 of this Complaint as if fully set forth herein.

28. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Hip Jazz" and "World of Blues." Plaintiff's copyright of "Hip Jazz" and "World of Blues" was registered with the U.S. Copyright Office and bears Registration nos. SRu000375811 and SR0000187088, respectively.

29. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "Hip Jazz" and "World of Blues" by among other things: a) preparing unauthorized derivatives of Plaintiff's "Hip Jazz" and "World of Blues" in the form of "Thrift Shop;" b) reproducing copyrighted elements of the Plaintiff's "Hip Jazz" and "World of Blues" in "Thrift Shop;" c) distributing copies of "Thrift Shop," which contains copyrighted elements of Plaintiff's "Hip Jazz" and "World of Blues;" and d) publishing, displaying, selling and licensing copies of "Thrift Shop," which contains copyrighted elements of Plaintiff's "Hip Jazz" and "World of Blues." Defendants never paid Plaintiff, nor secured the authorization for the use of "Hip Jazz" and "World of Blues" in "Thrift Shop."

30. Moreover, without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Hip Jazz" and "World of Blues" in purporting to author the sound recording and composition, "Thrift Shop." Defendants have published, manufactured, distributed, sold and licensed copies of "Thrift Shop." Defendants never paid Plaintiff, nor secured the authorization for the use of "Hip Jazz" and "World of Blues" in "Thrift Shop."

31. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

32. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

33. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

**SECOND CLAIM FOR RELIEF**

**(Copyright infringement of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" into the sound recording, "Neon Cathedral" against all defendants)**

34. Plaintiff is the owner of the copyright in the sound recording, musical composition and lyrics of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On." Plaintiff's copyright of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" was registered with the U.S. Copyright Office and bears Registration nos. SR0000733288 and PAu002628735, SRu000409184, respectively.

35. Upon information and belief, and without authorization or permission from the plaintiff, in direct violation of Plaintiff's rights, Defendants, have directly infringed the copyrights in Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" by among other things: a) preparing unauthorized derivatives of Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" in the form of "Neon Cathedral;" b) reproducing copyrighted elements of the Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" in "Neon Cathedral;" c) distributing copies of "Neon Cathedral," which contains copyrighted elements of Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" and d) publishing, displaying, selling and licensing copies of "Neon Cathedral," which contains copyrighted elements of Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I

Got the Rhythm On." Defendants never paid Plaintiff, nor secured the authorization for the use of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" in "Neon Cathedral."

36. Without authorization or permission from Plaintiff, Defendants sampled and copied Plaintiff's "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On." Plaintiff's copyright of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" in purporting to author the sound recording and composition, "Neon Cathedral." Defendants have published, manufactured, distributed, sold and licensed copies of "Neon Cathedral." Defendants never paid Plaintiff, nor secured the authorization for the use of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On." Plaintiff's copyright of "Tone Palette," "Salsa 4 Elise (Fur Elise)," and "I Got the Rhythm On" in "Neon Cathedral."

37. As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to its actual damages in addition to Defendants' profits that are attributable to the copyrighted material; moreover, plaintiff is entitled to other compensatory, statutory and punitive damages in an amount to be proven at trial.

38. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiff's rights. Therefore, the Plaintiff is entitled to statutory damages.

39. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in amount according to proof, which are recoverable under 17 U.S.C. 504.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

a) For actual damages according to proof at trial;

**b)** For Defendants' profits in an amount according to proof at trial or, at its election;

**c)** For statutory damages per infringement pursuant to 17 U.S.C. 504.

**d)** For an accounting in connection with Defendants' unauthorized use of the infringing works;

**e)** For attorney's fees pursuant to 17 U.S.C. 504;

**f)** For costs of suit incurred;

**g)** For interest, prejudgment interest and post-judgment interest according to proof at trial;

**h)** For compensatory damages

**i)** For attorney fees

**j)** Any such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above matter.

Dated: April 29 2017

Respectfully submitted,

/s/DASHAWN HAYES_____________
DaShawn Hayes (LA State Bar #34,204)
The Hayes Law Firm, PLC
1100 Poydras St., Ste 1530
New Orleans, LA 70163
PH: 504-799-0374
FAX: 504-799-0375
dphayesesquire@gmail.com
Attorneys for Plaintiff
Paul Batiste d/b/a Artang Publishing, LLC

**WAIVER OF SERVICE REQUESTED**