## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

PAUL BATISTE                                    CIVIL ACTION

VERSUS                                          NO:    17-04435

RYAN LEWIS ET AL                                SECTION: "F" (4)

### ORDER

Before the Court is a **Motion for Leave to Amend Complaint (R. Doc. 34)** filed by the Plaintiff seeking an order from the Court granting the Plaintiff leave to file a second amended complaint. The motion is opposed. R. Doc. 36. Oral argument on the motion was heard on January 3, 2018.

### I.        Background

The instant lawsuit was brought by Paul Batiste d/b/a Artang Publishing, LLC ("Plaintiff"), a New Orleans based musician and founding member of the Batiste Brothers Band. Plaintiff alleges that he has authored and asserts ownership over a number of musical compositions that are registered with the United States Copyright Office. Plaintiff alleges that Ryan Lewis and Ben Haggerty (a musical duo known as Macklemore and Ryan Lewis), Macklemore Publishing, Ryan Lewis Publishing, Macklemore, LLC, Andrew Joslyn, Allen Stone, DB Joslyn Music, and Stickystones Publishing (collectively the "Defendants") have infringed upon and misappropriated the works of the Plaintiff.

The original complaint in this case was filed on May 1, 2017. R. Doc. 1. On September 11, 2017, the Defendants filed a motion to dismiss for failure to state a claim. R. Doc. 12.  The Plaintiff filed his amended complaint into the record on October 2, 2017. R. Doc. 19. The Defendants responded filing a motion to dismiss on November 15, 2017, with respect to the amended

complaint, which is currently pending before the District Court. R. Doc. 25. The Plaintiff filed the instant motion for leave to file a second amended complaint on December 13, 2017. R. Doc. 34.

The Plaintiff seeks leave to file the Second Amended Complaint in order to directly address the assertions that the Defendants have raised. R. Doc. 34-1, p. 1. According to the Plaintiff, the second amended complaint is a response to the Defendants' motion to dismiss and Plaintiff states that it provides detail regarding the willful copyright infringement of the Defendants. *Id.* at p. 2. In addition, Plaintiff states that while preparing for the motion to dismiss additional claims against the Defendants were discovered. *Id.* Finally, Plaintiff argues that leave should be freely given because it will facilitate justice by rendering the Defendants' motion to dismiss moot and establishes additional claims. *Id.*

The Defendants oppose the motion for leave to file the second amended complaint. R. Doc. 36. The Defendants argue that a number of factors require that this Court not grant leave to amend. The Defendants argue that the proposed amendments are futile, the newly discovered claims were apparent and available to the Plaintiff at the onset of litigation, and the motion can only be explained by bad faith and dilatory motive. *Id.*

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

## III.    <u>Analysis</u>

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

As noted, Plaintiff argues that there is no bad faith or dilatory motive with respect to this motion. Rather, it is a response to the pending motion to dismiss before the District Court. R. Doc.

34-1, p. 2. Further, Plaintiff contends that the additional claims were only discovered during the process of preparing to respond the motion to dismiss. *Id.* Finally, during oral argument and questioning by the Court, Plaintiff's counsel indicated that after this amendment there should be no new additional claims in this case.

Defendants argue that Plaintiff's actions can only be explained by bad faith and dilatory motive as the motion to amend was filed at the time Plaintiff's opposition to their motion to dismiss was due. Defendants also argue that the new claims were readily apparent and available at the onset of litigation. R. Doc. 36, pp. 12-14. According to the Defendants, both the first amendment and now this amendment are being filed to delay the case because they were filed days or hours before Plaintiff's oppositions to the motions to dismiss were due. *Id.* at p. 14. Further, Defendants cite to an earlier case where Plaintiff and counsel alleged 134 infringements of which at summary judgement only 3 infringement claims survived. *Id.* at p. 7. Defendants argue that the Plaintiff has no concern for resources and are "trying to achieve by accretion what they cannot do on merit" to drive up the costs of the litigation and extract a nuisance payment. *Id.*

The Court finds that there is no undue delay, bad faith, or dilatory motive with respect to this motion. Defendants argue that the amendments are timed for maximum delay, however, granting the amendment will not create any unwarranted burden on the Court. It will also not prejudice the Defendants. While the second amended complaint would add two new claims and details for the claims in the original complaint, it does not alter the case or impact the ability for the Defendants to adequately defend themselves in this litigation. There is also not a scheduling order in place and therefore there can be no delay with respect to any deadlines. Therefore, the first factor weighs in favor of granting the motion.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is Plaintiff's first motion for leave to amend its complaint, though the complaint has been previously amended without a motion. It is also the first complaint as it relates to the claims of infringement against the Defendants regarding the works titled "Need to Know" and "Same Love." Thus, there cannot have been a repeated failure with respect to these new claims. Further, even though this would be the second amended complaint no trial date has been set, and the Court finds that this factor still weighs in favor of granting the motion.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added

claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The Court finds that these amendment would not fundamentally alter the case or prejudice the Defendants. The case involves copyright infringement and therefore additional claims of infringement cannot be said to fundamentally alter the case. In addition, there have been no discovery deadlines set nor discovery conducted. Further, this amendment would not require the Defendants to prepare for new claims substantially different then what was already alleged. As a result, this third factor weighs in favor of granting the amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment, and or potential new claims are futile. Here, the Plaintiff's allegations in both complaints are similar. The amended complaint would add two new claims of copyright infringement and seeks to provide further factual support for the copyright infringement claims previously identified.

The Plaintiff argues that the amended complaint is not futile. Plaintiff argues that the amendment is meant to address the pending motion to dismiss and that leave to amend should be granted because copyright infringement is noticed based pleading.

The Defendants argue that in copyright infringement cases, in the absence of direct evidence of copying, a plaintiff must allege either: (1) access to the allegedly copied work and substantial similarity; or (2) that the works are so strikingly similar as to preclude the possibility of independent creation. *Id.* at p. 10. Defendants argue that the proposed amended complaint contains no allegations that the defendants had access to the Plaintiff's works or that those works were so widely distributed that defendants would have heard them. *Id.* The Defendants state that

the proposed amended complaint does not add allegations as to how the Defendants had access to the Plaintiff's works, nor are there allegations regarding the distribution of the Plaintiff's works to any size audience from which a court could infer access. *Id.* at pp. 10-11.

Defendants further argue that the proposed amended complaint does not allege any striking similarity. They also say that to the extent the second amended complaint alleges similarity, those similarities are unprotectable elements meaning that the works cannot be "strikingly similar." *Id.* In addition, Defendants state that while the proposed amended complaint does point to allegations of sampling of Plaintiff's recordings, there can be no sampling without a showing of access. *Id.* at pp. 11-12.

The Defendants further argue that because there are no factual allegations of access or striking similarity in the complaint, the Plaintiff has failed to state a claim of infringement for any of the works at issue in the case, and therefore the proposed amendment is futile. *Id.* at p. 12.

The Defendants rely on *Vallery v. Am. Girl L.L.C.*, 697 F. App'x 821 (5th Cir. 2017) and *Guzman v. Hacienda Recording Studio, Inc.*, 808 F.3d 1031 (5th Cir. 2015) to support their contentions that the Plaintiff's second amended complaint is futile. Both cases are easily distinguishable from the instant circumstances.

First, the Fifth Circuit's decision in *Guzman* was the result of an appeal from a "hotly contested bench trial" in which the appellant challenged the trial judge's finding of facts in a copyright case. *Guzman*, 808 F.3d at 1034, 1036. The instant case is in a different procedural posture and therefore the burden that was on the Plaintiff during the bench trial in *Guzman* is different than the burden faced by the Plaintiff here who is seeking to amend his complaint.

Second, *Vallery*, while more similar to the instant case than *Guzman*, is still clearly distinguishable from the instant case. In *Vallery*, the Plaintiff timely appealed the magistrate

judge's denial of the motion to amend as well as the district court's upholding of that decision and moved to proceed *in forma pauperis*, which the Fifth Circuit granted noting that the "the district court's dismissal of Vallery's claims based on lack of sufficient factual allegations may have been at odds with *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)." *Vallery*, 697 F. App'x at 822-23.

The Fifth Circuit did not address whether the lower courts' decisions were at odds with *Swierkiewicz* because the facts did not require them to address the issue. *Id.* at 824. The Fifth Circuit's affirmation of the lower courts' decisions and the circumstances giving rise to those decisions are distinguishable from the motion and instant case before this Court. While Defendants' argue that no evidence of copying has been presented, the burden on the Plaintiff at this stage is not to prove his case. As defense counsel conceded at oral argument, there is no heightened pleading standard for the Plaintiff's claims here. As such, based on what has been presented to the Court, the second amended complaint is not futile.

The Court finds that the motion for leave to amend was not filed with bad faith or dilatory motive, does not cause undue delay, will not cause prejudice, and is not futile. As a result, there is no substantial reason for denying the Plaintiff's motion, and therefore the motion for leave to file a second amended complaint is granted.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to Amend Complaint (R. Doc. 34)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court shall file into the record the Plaintiff's second amended complaint.

New Orleans, Louisiana, this 18th day of January 2018.

_____

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**