UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL BATISTE d/b/a ARTANG
PUBLISHING, LLC                                          CIVIL ACTION

V.                                                        NO. 17-4435

RYAN LEWIS, ET AL.                                        SECTION "F"


<u>ORDER AND REASONS</u>

Before the Court is the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is DENIED.

**Background**

A New Orleans jazz musician accuses an internationally famous hip-hop duo of copyright infringement of eleven original songs. This litigation followed.

Paul Batiste is a member of The Batiste Brothers Band, a New Orleans jazz band founded in 1976. Batiste also owns Artang Publishing LLC. Beginning in 1997 through 2002, Batiste composed several original songs, entitled Hip Jazz, Kids, Starlite Pt. 1, World of Blues, Love Horizon, Tone Palette, My Bad, Salsa 4 Elise (Fur Elise), Drowning in my Blues, Sportsman's Paradise, and Move That Body. Batiste has registered each song with the United States Copyright Office.

Ryan Lewis and Ben Haggerty form the hip-hop duo known as "Macklemore and Ryan Lewis." The duo has achieved international

1

stardom, and is best known for their singles "Thrift Shop" and "Can't Hold Us," which were both one of the most popular songs in the United States and Australia after their releases in 2012 and 2016.[1] They also received several Grammy awards, including those for best new artist, best album, and best rap performance for their single, Thrift Shop.

On May 1, 2017, Batiste[2] sued Ryan Lewis and Ben Haggerty for infringing on his copyrights by using unauthorized samples and copying elements of the eleven original songs listed above in the composition of their songs Thrift Shop, Can't Hold Us, Need to Know, Same Love, and Neon Cathedral. Batiste also sued Andrew Joslyn and Allen Stone, who are credited with writing the hip hop songs, and the publishing companies who own rights to the compositions, including Macklemore Publishing, Ryan Lewis Publishing, Macklemore LLC, DB Joslyn Music, and Stickystones Publishing. The defendants moved to dismiss the complaint on September 11, 2017, but ultimately withdrew that motion after the plaintiff filed an amended complaint. The defendants then moved to dismiss the amended complaint on November 15, 2017, but again voluntarily dismissed it after the plaintiff was granted leave to file a second amended complaint on January 19, 2018. The defendants

---

[1] "Thrift Shop" has garnered 1.1 billion views on YouTube.
[2] The complaint styles the plaintiff as Paul Batiste doing business as Artang Publishing.

filed this motion to dismiss the second amended complaint on February 20, 2018.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)(quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th

Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept as true legal conclusions. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). The Court's task "is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson v. City of Waco, Texas, 764 F.3d 500, 503 (5th Cir. 2014)(citation omitted). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "Where a complaint pleads facts

4

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

## II.

### A.

The defendants submitted a report by expert musicologist Dr. Lawrence Ferrera, the Director Emeritus of Music and the Performing Arts at New York University, to compare the works of Batiste and the defendants. They also submitted a disk containing copies of audio recording of both the defendants' and the plaintiff's musical works. As a preliminary matter, the Court must first determine if it can consider these submissions at this stage of the case.

When reviewing a motion to dismiss, the Court is typically confined to the pleadings. Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 12(d) provides "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by

the court, the motion must be treated as one for summary judgment under Rule 56." However, the Fifth Circuit has recognized an exception. Id. The reviewing court may consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Id.; Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has held that when a district court considered an affidavit and sworn declaration attached to the motion to dismiss, it "converted the motion to dismiss into a motion for summary judgment." Gamel v. Grant Prideco, L.P., 625 Fed. Appx. 690, 693 (5th Cir. 2015)(unpublished). Because both Batiste's and Macklemore and Ryan Lewis's songs comprise the sole issues in this case, and because they were referred to in the plaintiff's several complaints, the Court can consider their recordings. Mr. Ferrara's report was created by the defendants in response to the complaint; it was not referenced in the complaint. Accordingly, the Court cannot consider the report without converting this motion to dismiss into a motion for summary judgment. The Court need not reach that result.

B.

"To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." Armour v. Knowles, 512 F.3d 147, 152 (5th

6

Cir. 2007). "Factual copying can be proved by direct or circumstantial evidence." Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 368 (5th Cir. 2004)(internal quotations omitted). Because direct evidence is often difficult to provide, "[f]actual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." Id. "To establish access, a plaintiff must prove that 'the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work' before creating the infringing work." Armour, 512 F.3d at 152-53 (quoting Peel & Co v. The Rug Market, 238 F.3d 391, 394 (5th Cir. 2001)). "A bare possibility of access is insufficient . . . ." Guzman v. Hacienda Records and Recording Studio, Inc., 808 F.3d 1031, 1037 (5th Cir. 2015). A jury could find that two works have probative similarity if "it finds any similarities between the two works (whether substantial or not) that, in the normal course of events, would not be expected to arise independently in the two works . . . ." Positive Black Talk, 394 F.3d at 370.

However, if a plaintiff cannot prove access, it can still prove factual copying "by showing such a 'striking similarity' between the two works that the similarity could only be explained by actual copying." Armour, 512 F.3d at 152 n.3; Vallery v. American Girl, L.L.C., 697 Fed. Appx. 821, 824 (5th Cir. 2017).

7

Two works are "strikingly similar" if the plaintiff demonstrates "that the alleged 'similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source.'" Guzman, 808 F.3d at 1039 (quoting Selle v. Gibb, 741 F.2d 896, 904 (7th Cir. 1984)). The similarities in the work must "appear in a sufficiently unique or complex content," particularly with popular music. Id. (quoting Benson v. Coco-Cola Co., 795 F.2d 973, 975 n.2 (11th Cir. 1986)). This "stringent" standard requires that the works be so similar that "the similarity could only be explained by actual copying." Id. (quoting Armour, 512 F.3d at 147). For example, the Fifth Circuit has held that two songs were not strikingly similar when the opening sixteen words of both songs were identical, but other components of the composition, like the melody, tempo, and chord structures, were different. Id.

A plaintiff satisfies the third requirement of copyright infringement, substantial similarity, if it can prove that a layman would "detect 'piracy without any aid or suggestion or critical analysis by others.'" Peel, 238 F.3d at 398 (quoting Harold Lloyd Corp. v. Witwer, 65 F.2d 1, 18 (9th Cir. 1933)). The works must be so similar that "[t]he reaction of the public to the matter [is] spontaneous and immediate." Id. (internal citations omitted).

C.

The Court must determine whether Batiste's complaint, taken as true, plausibly alleges the three requirements to a successful claim for all of the works he alleges were infringed: (1) valid copyright; (2) factual copying (which requires a showing of either (a) access and probative similarity or (b) striking similarity); and (3) substantial similarity. Batiste alleges that he owns a valid copyright for the eleven songs he claims the defendants unlawfully used, and provides a registration number for each one. He satisfies the first element.

The plaintiff does not allege sufficient facts to show factual copying. First, the plaintiff fails to allege access; the complaint does not contain a single reference as to how the defendants accessed his compositions. In his papers, the plaintiff does not directly address his failure to allege access, but does vaguely contend that access should be "inferred" because it is "presumed" that the defendants committed copyright infringement. But the Court's presumption that the alleged facts are true at the pleading stage does not excuse the plaintiff from alleging facts for every required element. Although he does state that his songs were recorded and released on albums between 1999 and 2002 and that he is a "major influence on the current New Orleans jazz scene and has enjoyed immense success and recognition," the mere suspicion that the defendants could have found the music is insufficient. The plaintiff is required to allege facts that the defendants had

9

a "reasonable opportunity" to view the work. After three tries, he fails.

Because the plaintiff has not pled sufficient facts to establish access, the plaintiff must show that the works are strikingly similar. This standard requires Batiste to have pled that his eleven songs are so similar to the defendants' five songs that the only explanation is that the defendants copied Batiste's work. He meets his burden. He alleges that the defendants willfully copied several protectable elements of his copyrights. Specifically, he alleges that Thrift Shop misappropriated the beat, drums, introduction, and bass line of Hip Jazz and the distinctive melody of World of Blues. He alleges that Neon Cathedral misappropriates the hook, melody, and chords of Tone Palette, and that Can't Hold Us copies the beat and bass line of Starlite Pt. 1. Batiste repeats these allegations for each of his original works. Taken as true, Batiste pleads that the defendants unlawfully copied large portions of his compositions. If proven, Batiste would meet his burden to show striking similarity.

Finally, Batiste must plead that his works are "substantially similar" to the defendants. He meets his burden for the reasons discussed above. See Vallery v. American Girl Dolls, Civ. No. 13-5066, 2015 WL 1539243, *3 (E.D. La. Apr. 6, 2015)("The test for striking similarity is stringent and imposes a much high standard than that for substantial similarity.")(internal quotations

omitted). Additionally, in his complaint, Batiste cites precisely which elements of his song were sampled, and where the sampled portions appear in the defendants' songs.

The defendants ask the Court to engage in a side-by-side analysis, comparing the musical elements of Batiste's works to the defendants' songs to determine whether Batiste has stated a claim. The Court declines. At the pleading stage, the Court is limited to the facts alleged in the complaint; it is not acting as a factfinder. A decision on the merits based on the Court's judgment of the similarity of the songs is inappropriate at this stage of the proceedings. Batiste meets his burden to allege copyright infringement.

Accordingly, IT IS ORDERED: that the defendants' motion to dismiss is DENIED.

New Orleans, Louisiana, May 17, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE