UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL BATISTE d/b/a ARTANG PUBLISHING, LLC, a Louisiana Limited Liability Company | CIVIL ACTION |
| VERSUS | NO: 17-4435 |
| RYAN LEWIS, BEN HAGGERTY, Professionally known as MACKLEMORE, Professionally and collectively known as MACKLEMOE AND RYAN LEWIS, Individuals, MACKLEMORE PUBLISHING, RYAN LEWIS PUBLISH, MACKLEMORE, LLC ALTERNATIVE DISTRIBUTION ALLIANCE, ANDREW JOSLYN, ALLEN STONE, ANDREW JOSLYN MUSIC, LLC, STICKY STONES PUBLISHING | SECTION: "F" (4) |

## ORDER

Before the Court is **Motion to Fix Attorneys' Fees (R. Doc. 91).** The motion is opposed. R. Doc. 99. The motion was heard on the briefs.

I. **Factual Summary**

This is copyright infringement case was filed by Paul Batiste, a New Orleans jazz musician that is the founding member and owner of Artang Publishing, LLC and the Batiste Brothers Band. Id. at p. 2. Defendants Ryan Lewis and Ben Haggerty are a famous hip-hop duo known as "Macklemore and Ryan Lewis," who have achieved international success for their singles "Thrift Shop" and "Can't Hold Us. Id." Defendants have also received several Grammy awards, including those for best new artist, best album, and best rap performance for their single "Thrift Shop." Id.

Plaintiff alleges that defendants willfully infringed on his copyrights by using unauthorized samples and copying elements of eleven of plaintiff's original songs in the composition of "Thrift

Shop," "Can't Hold Us," "Need to Know," "Same Love," and "Neon Cathedral." Id. Plaintiff also sued several others who were credited with writing the songs, and the publishing companies who own the rights to the compositions. Id. Plaintiff contends, inter alia, that he is entitled to actual damages and defendants' profits in connection with the infringed copy-righted songs. R. Doc. 40 at p. 13-22.

Discovery in this case was a bit taxing. Nonetheless, the Court issued an Order & Reasons (R.Doc. 89, revised order) on the Defendants Motion to Compel finding that not only was the Plaintiff required to respond to the written discovery but also to supplement his discover responses. Additionally, the court found that due to the failure to adequately respond and in face of the unopposed motion to compel that attorney's fees were appropriate.

## II.     **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v.*

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

*Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III. Analysis**

**A. Reasonableness of the Hourly Rates**

Defendants seek to recover the attorney's fees for Erin Dennis ("Dennis") of Loeb & Loeb LLP and Mary Elen Roy ("Roy") and Dan Zimmerman ("Zimmerman") of Phelps Dunbar as a result of work performed on one Motion to Compel. The rates billed to the client range from $250 to $375.

The Plaintiff contends that the rates charged by the Loeb & Loeb LLP attorneys exceed the rates available in the New Orleans Market. The Plaintiff contends that reasonable rates are $200 per hour for partner level and $150 per hour for associates. Therefore, Batiste contsends that the reasonable rates are less than the rates sought by defense counsel.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is

3

reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Defendants have attached affidavits from the attorneys who worked on the motion. (R. Docs. 91-2). Christian D. Carbone ("Carbone"), is a partner with the law firm of Loeb & Loeb and he states that he supervises Erin Smith Dennis, who is the associate that performed the work on the underlying Motion to Compel. Carbone is not seeking a fee award.

Carbone attests that Dennis has been licensed by the New York bar since May 2014, or five years. He indicates further that she is graduate of both Davidson College and Columbia University Law School where she graduated with honors. According to Ms. Roy and Mr. Carbone, Ms. Dennis' hourly rate is $250.00. (R. Doc. 91-3, 3)

Mary Ellen Roy, a partner with Phelps Dunbar LLP, also counsel for the defendants submitted an affidavit. (R. Doc. 91-3) Ms. Roy states that she is a graduate of Harvard Law School and a member of the bar since 1984. She indicated that she is also Chair of the Louisiana State Bar Association Intellectual Property Litigation. Id. She further indicates that her billing rate was $375.00.

She states that she personally worked on the motion with Dan Zimmerman, Chris Carbone and Erin Smith Dennis. (R. doc. 91-3, P.2)   Zimmerman is a staff attorney and 1982 graduate of Tulane University School of Law, who practices at Phelps Dunbar and according to Ms. Roy his hourly billing rate is $290.00.   Id.

Batiste contends that the rates sought are not consistent with the market rate.   For example, an associate with eight years of service is $150.00, with thirty years of service is $225 and $350 for partner level work. Batiste contends that the rates should be adjusted accordingly.

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.   When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15.   Having considered the affidavit submitted by the mover, the Court finds that is not adequate because it does not speak to the rates actually billed and paid in similar lawsuits. However, this does not end the inquiry. The Court will proceed to look at the market rate for the New Orleans area given the years of experience of the billing attorneys.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.   The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of

case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Roy and Zimmerman's years of experience are similar. Roy has been practicing 35 years and Zimmerman some 36 years. Roy's rate is $375 per hour and Zimmerman's rate is $290 per hour. *See Bd. of Supervisors of La. State Univ. v. Smack Apparel Co.,* No. 04–01593, 2009 WL 927996, at *4–5 (E.D. La. Apr. 2, 2009) ($325.00 per hour was a reasonable hourly rate for an attorney with ten years of specialized experience in trademark litigation, and for an attorney who had twenty-nine years of experience, but not in the particularized field of intellectual property law.); *See also Who Dat Yat Chat, LLC v. Who Dat. Inc*., 838 F. Supp. 2d 516 (E.D. La. Jan. 19, 2012). Considering that Roy and Zimmerman are specialists in the substantive area and further that there are no other cases on point in this market, the Court will accept their rates as reasonable.

Regarding Ms. Dennis her rate of $250 with just five years' experience. The Court, however finds that a rate of $200 is reasonable for an attorney with this limited number of years of experience.

**B.  Determining the Reasonable Hours Expended**

Four attorneys worked on the drafting of the subject Motion to Compel which was not particularly complex.  It consisted of eleven pages and identified the areas where Batiste had failed to respond.  Interestingly, the entire discovery had not been responded to such that the objections were waived and in fact was not opposed.  There were five pages of background and a two-page preliminary statement.  Nonetheless, the defendants seek an attorney fee award of $6,628.00.

6

The billing entries show that multiple attorneys were drafting and reviewing the discovery for the defendants. Dennis spent 18.4 hours editing the factual section of the opposition to the Motion to Compel and meetings between counsel. Mary Ellen Roy (3.0 hrs.) also indicates that she too worked on the Motion to Compel along with Zimmerman (6.60 hrs.). The total hours billed for working on a draft of the non-complex Motion to Compel between the three lawyers is 28.0 hours.

Duplicate billing under a fee-shifting statute is not *per se* unreasonable, as long as the award for time spent by two or more attorneys "reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Thomas v. Frederick*, No. 87-1950, 1992 WL 17273, *1 (W.D. La. Jan. 29, 1992) (citing *Johnson v. University of University of Alabama*, 706 F.2d 1205, 1208 (11th Cir. 1983)).

The District Court has considerable discretion in this area because of its familiarity with the case and the attorney's work. *See Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990); *Berberena v. Coler*, 753 F.2d 629, 633 (7th Cir. 1985). A central factor in evaluating the necessity of multiple attorneys at court hearings or trials is the degree to which each attorney participated in or contributed to the proceedings. *West Virginia University Hosp., Inc. v. Casey*, 898 F.2d 357, 365 (3rd Cir. 1990).

### C. <u>Reasonable Attorney's Fees</u>

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of*

*Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court has reviewed the contemporaneous billing sheets and finds that the following entries are unreasonable as they are duplicative, or block billed:

Dennis' entry for January 19, 2019 of 4.7 is excessive and therefore reduced to 2.7. Additionally, the entry for January 20, 2019 of 6.1 is excessive, blocked bill and therefore reduced to 3.1. Therefore, Dennis's reasonably billed hours total 6.2 hours and Zimmerman's reasonably billed hours are 4.10 hours because of the -2.50 hours in duplicate billing.

Additionally, as to Dennis, the actual hours billed totaled 18.4 but she only was seeking 11.2 hours. The Court construes the difference between the two numbers as Dennis' exercise of billing judgment and therefore it will be reflected as such in the calculation.

| Date | Task | Dennis | Roy | Zimmerman |
|---|---|---|---|---|
| 1/17/2019 | Attn to review of MTC; meeting with Carbone Slavin | 1.20 | | |
| 1/18/2019 | Revising previously drafted MTC, meeting Slavin | 2.70 | | |
| | Correspondence with opposing counsel re: whether to request sanctions for plaintiff's failure to respond | | 0.10 | |
| | Correspondence w/ co counsel re meaning of Court Order and ramification | | 0.10 | |
| | Correspondence with co counsel on MTC discovery | | 0.10 | |
| | Comment on draft MTC | | 0.30 | |
| 1/19/2019 | *Drafting fact section of opp'n to MTC* | 4.70 | | 1.10 |
| | Legal Research and review of Correspondence with co-counsel | | | 0.60 |
| 1/20/2019 | *Attn to revising MTC; revising opp'n to MTC.* | 6.10 | 0.50 | |
| | Strategize with co-counsel re: various issues raised by motions. | | 0.10 | |
| 1/21/2019 | *Revising MTC and Opp'n to MTC, emails to team* | 3.40 | | 2.50 |
| | Work on def. mtn to compel discovery from P. | | 0.60 | |
| | Strategize with co-counsel re: same | | 0.20 | |
| 1/22/2019 | Telephone conf with co-counsel re: hearing on Mtn to compel | | 0.10 | |
| 1/22/2019 | Follow-up to e-filings of Def. Mtn to Compel | | | 0.20 |
| 1/22/2019 | Meeting w/ S. Salvin | 0.30 | | |
| 1/23/2019 | Correspondence with co-counsel | | 0.20 | |
| 2/1/2019 | Correspondence with co-counsel Re: Mtn to Compel | | 0.20 | |
| | Review correspondence re MTC | | | 0.10 |
| 2/4/2019 | Receipt and review of correspondence with Plaintiff's counsel | | 0.10 | |
| | Telephone conf with co-counsel Mr. Carbone re Hearing on Defendants mtn to compel discovery; Correspondence with co-counsel Carbone re: same | | 0.20 | |
| | Review court rules re: failure to oppose mtn to compel. | | | 0.20 |
| 2/6/2019 | Receipt and review of correspondence from Co-counsel | | 0.10 | |
| | Confer with Zimmerman re hearing on MTC | | 0.10 | |
| | Correpsondence re preparation for hearing on MTC | | | 0.30 |
| | Attend Court and meeting on MTC | | | 1.30 |
| | Draft report on communication re court atendance | | | 0.30 |
| | **Total Hours Billed** | 18.40 | 3.00 | 6.60 |
| | Billing Judgment Deduction taken by Attorney | -7.20 | | |
| | Excess Billing deducted by Court | -5.00 | | -2.50 |
| | **Total Allowable Billable Hours** | 6.20 | 3.00 | 4.10 |
| | Allowable Rate | $200.00 | $375.00 | $290.00 |
| | Total Fee | $1,240.00 | $1,125.00 | $1,189.00 |
| | **TOTAL FEE AWARDED** | | | $ 3,554.00 |

**D**. **Johnson Factors**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court considering the Johnson factor, finds the amount awarded is sufficient and not requiring a downward departure.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Fix Attorney's Fees (R. Doc. 91)** is **GRANTED** and that the Plaintiff is awarded reasonable attorney's fees in the amount of **$3,554.00.**

**IT IS FURTHER ORDERED** that Plaintiff Paul Batiste and his counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 11th day of April 2019.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**