UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL BATISTE d/b/a ARTANG PUBLISHING, LLC, a Louisiana Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>RYAN LEWIS, BEN HAGGERTY, professionally known as MACKLEMORE, professionally and collectively known as MACKLEMORE AND RYAN LEWIS, individuals, MACKLEMORE PUBLISHING, RYAN LEWIS PUBLISHING, MACKLEMORE, LLC, ALTERNATIVE DISTRIBUTION ALLIANCE, ANDREW JOSLYN, ALLEN STONE, DB JOSLYN MUSIC, STICKYSTONES PUBLISHING,<br><br>Defendants. | Case No: 17-4435<br><br>JUDGE:<br>MARTIN L.C. FELDMAN<br>SECTION F<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br>DIVISION 4 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AND HIS COUNSEL'S OBJECTIONS TO MAGISTRATE JUDGE ROBY'S REPORT AND RECOMMENDATION**

Defendants, Ryan Lewis, Ben Haggerty, Macklemore Publishing, Ryan Lewis Publishing, Macklemore, LLC, Andrew Joslyn, Allen Stone, Andrew Joslyn Music, and Stickystones Publishing (collectively, "Defendants"), respectfully submit this response to Plaintiff's and Plaintiff's counsel's objections ("Objections") to Magistrate Judge Roby's September 6, 2019 Report and Recommendation ("Report," Docket doc. no. 158). For the reasons set forth below, the Court should reject the Objections and adopt the Report.

## PRELIMINARY STATEMENT

On April 23, 2019, the Court granted Defendants' Motion for Summary Judgment in its entirety, finding, among other things, that Plaintiff's claims lacked any evidentiary basis and rejecting Plaintiff's and his counsel's attempt to resubmit Plaintiff's fraudulent "expert" report as Plaintiff's own work product.[1] Following the Court's dismissal of Plaintiff's claims, Defendants sought a fraction of their costs and attorneys' fees pursuant to 17 U.S.C. § 505, as well as sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power, because Plaintiff's claims were objectively baseless and unreasonable from the outset, and both Plaintiff and his counsel engaged in egregious litigation misconduct.[2]

In the Report, Magistrate Judge Roby recommended that Defendants' Motion for Attorneys' Fees "be granted to the extent that Defendants are awarded reasonable attorneys' fees and costs in the amount of $125,427.81," and further recommended that both "Plaintiff Paul Batiste and his counsel be ordered to satisfy" this fee award.[3]

Plaintiff's and his counsel's most recent submission to the Court, interposing baseless objections to the Report's findings, makes clear that they have not yet taken responsibility for their actions. An award of attorneys' fees and sanctions is plainly warranted both because Plaintiff's claims were objectively weak and because they were litigated in bad faith. Moreover, as detailed in Defendants' Motion for Attorneys' Fees, much of this misconduct was undertaken by Plaintiff's counsel independent of his client.[4] As Magistrate Judge Roby correctly recognized, Plaintiffs' counsel indisputably should be held jointly and severally liable for Defendants' fee award. The

---

[1] Order and Reasons, Docket doc. no. 140 at 12, 29.
[2] Motion for Attorneys' Fees, Docket doc. no. 145 at 1-2.
[3] Report, Docket doc. no 158 at 17.
[4] *See* Docket doc. no. 145 at 16-19.

- 2 -

Court should adopt the Report and order Plaintiff and his counsel to satisfy their obligations to Defendants.

## ARGUMENT

1. **The Report properly determined that Defendants are entitled to a fee award because Plaintiff's claims were objectively weak and litigated in bad faith.**

Although Plaintiff and his counsel object to the Report's finding that Plaintiff's claims were objectively weak, Magistrate Judge Roby properly determined that Defendants are entitled to their reasonable costs and attorneys' fees based on the objective unreasonableness of Plaintiff's claims.[5] *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1982-83 (2016) (directing district courts, in determining whether to award costs and attorneys' fees to the prevailing party in a copyright infringement action, to give "substantial weight to the objective reasonableness of the losing party's position"); *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 589 (5th Cir. 2015), quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19 (court may consider a number of nonexclusive factors, including a party's "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence").

Although Plaintiff and his counsel now assert that Magistrate Judge Roby should have relied on "a showing of frivolity or bad faith," legal authority has explicitly held to the contrary. *See, e.g., Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) (noting the "long-rejected requirements of frivolousness and bad faith"); *Lieb v. Topstone Indus.*, 788 F.2d 151, 155 (3d Cir. 1986) ("limiting assessments to those cases where bad faith is shown unduly narrows the discretion granted to the district judges").

---

[5] Docket doc. no. 158 at 5-6.

In any event, Magistrate Judge Roby described ample evidence of Plaintiff's and his counsel's bad faith, including but not limited to: the intentional withholding of materials responsive to Defendants' discovery requests; Plaintiff's and his counsel's ongoing failure to comply with an order directing payment of Defendants' attorneys' fees as sanctions for discovery misconduct; the submission of a fraudulent "expert report" authored entirely by Plaintiff; and Plaintiff's and his counsel's "daring[ ]" eleventh-hour attempt to resubmit this "expert report" as Plaintiff's own.[6]

In determining the objective weakness of Plaintiff's claims, the Report relied on the Court's decision dismissing Plaintiff's claims on summary judgment,[7] which in turn held that Plaintiff failed to prove that Defendants copied any of Plaintiff's musical compositions or sound recordings.[8] Plaintiff's and his counsel's assertion that Magistrate Judge Roby failed to review the "substance" of Plaintiff's claims is therefore unfounded.[9] Moreover, Magistrate Judge Roby also considered the procedural history of the case in finding Plaintiff's claims objectively unreasonable; this analysis was entirely proper, given that the case history underscores the substantive weakness of Plaintiff's claims. Under these circumstances, there is ample justification for the Report's determination that a fee award to Defendants is warranted based on the objective unreasonableness of Plaintiff's claims.

---

[6] *Id.* at 5-6.
[7] *Id.* at 6.
[8] Docket doc. no. 140 at 29.
[9] *See* Objections, Docket doc. no. 159 at 2.

2. **The Report properly holds Plaintiff's counsel jointly and severally liable for Defendants' attorneys' fees and costs.**

The Report correctly orders "Plaintiff Paul Batiste and his counsel" to satisfy the fee award to Defendants,[10] notwithstanding Plaintiff's counsel's objection that he should not be liable for such an award.[11] A district court may sanction an attorney pursuant to 28 U.S.C. § 1927 where there is "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. GMC*, 153 F.3d 242, 246 (5th Cir. 1998). Moreover, a court may sanction parties and their attorneys using its inherent power when a lawyer has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-55, 46 (1991).

The Report evidences Plaintiff's counsel's bad faith, improper, and reckless conduct throughout this litigation, notably, Magistrate Judge Roby's finding that Plaintiff and his counsel lacked a good faith basis for their refusal to comply with basic discovery obligations, resulting in a fee award to Defendants "which remains unpaid by either counsel or his client," and her finding that Plaintiff and his counsel submitted a fraudulent "expert report" "largely prepared by Plaintiff himself and not the expert as previously represented by Plaintiff and his counsel."[12] The Report also recounts Plaintiff's counsel's repeated attempts to thwart resolution of the case by filing a series of amended complaints;[13] Plaintiff's counsel's improper attempt "to suspend and cancel the deposition" of Plaintiff's expert;[14] and Plaintiff's counsel's failure to introduce probative evidence

---

[10] Docket doc no. 158 at 17.
[11] Docket doc. no. 159 at 1.
[12] Docket doc no. 158 at 6.
[13] *Id.* at 5.
[14] *Id.* at 6.

needed to remedy the substantive legal and evidentiary deficiencies in Plaintiff's claims of infringement, resulting in the Court's dismissal of Plaintiff's claims.[15]

Plaintiff's counsel's Objections continue to evince "a reckless disregard of the duty owed to the court," *Edwards*, 153 F.3d at 246, as Plaintiff's counsel seemingly could not be bothered to substantiate any of his purported Objections either legally or factually. Plaintiff's counsel should be held jointly and severally liable for the award of attorneys' fees and costs to Defendants.

### 3. The Report properly determined the reasonable hourly rates of Defendants' counsel.

Plaintiff and his counsel object to the reasonableness of the hourly rates charged by Defendants' counsel, but, as the Report found, the hourly rates charged by Defendants' counsel were reasonable in light of their education, experience, and the prevailing rate in the community.[16] *See League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997) ("When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate"). That Defendants hired out-of-state counsel is irrelevant, given that Defendants' fees submission sought reimbursement for a fraction of the overall time expended by only one of Defendants' New York-based attorneys (Barry Slotnick), at an hourly rate well within the reasonable range for highly experienced partners handling complex litigation in the Eastern District of Louisiana.[17] Moreover, Plaintiff's and his counsel's bald assertion that the fees of Defendants' Louisiana-based counsel were "generally excessive" fails in any way to refute Magistrate Judge Roby's thorough and

---

[15] *Id.*
[16] *Id.* at 7-9.
[17] *See id.* at 9.

lengthy analysis regarding the reasonableness of the fees charged and hours expended by Defendants' counsel.[18] The Court should adopt the Report's recommendation regarding the reasonable amount of attorneys' fees incurred by Defendants' counsel.

**4.    The Report properly awarded costs to Defendants.**

"The decision to impose costs lies in the sound discretion of the district court, reviewable only for an abuse of discretion." *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 147 (5th Cir. 2004). "This circuit adheres to the practice that such fees are 'discretionary but routinely awarded.'" *Id.*

Plaintiff and his counsel object that Defendants should not be awarded their costs, but they fail to demonstrate that Magistrate Judge Roby abused her discretion in awarding such costs. Instead, Plaintiff and his counsel erroneously assert that Defendants "did not submit any evidence that it actually paid the costs sought nor any statutory basis for it."[19] In fact, the Report specifically notes that "Defendants *did* attach evidence of costs incurred in connection with this matter,"[20] and accordingly, awarded Defendants $3,662.41 in costs.  Defendants' Motion for Attorneys' Fees also explained that Defendants sought their costs pursuant to 17 U.S.C. § 505, which authorizes "the recovery of full costs" to the prevailing party in a copyright infringement action.[21] The Court should wholly reject Plaintiff's and his counsel's objection regarding the costs awarded to Defendants.

---

[18] *See id.* at 7-15.
[19] Docket doc. no. 159 at 2.
[20] Docket doc. no. 158 at 15 (emphasis supplied).
[21] Docket doc. no. 145 at 19.

### 5. Plaintiff's and his counsel's remaining objections are without merit.

Plaintiff and his counsel object that the Court cannot award attorneys' fees while Plaintiff's appeal is still pending, but, as the Report explicitly states, "the Fifth Circuit has held that the District Court retains jurisdiction to consider a motion for attorneys' fees to a prevailing party under 17 U.S.C. § 505 after the filing of a notice of appeal."[22]

Finally, Plaintiff and his counsel object that Magistrate Judge Roby failed to consider the *Johnson* factors in reviewing a potential downward departure to Defendants' fee award.[23] Again, the Report explicitly states that the Court considered the *Johnson* factors and found that "the amount awarded is sufficient and not requiring a downward departure."[24] Nor do Plaintiff and his counsel explicate which of the *Johnson* factors the Report failed to consider, or how such factor(s) would have warranted a downward departure to Defendants' fee award. Plaintiff's and his counsel's objection is meritless and should be rejected.

### CONCLUSION

For all the foregoing reasons, the Court should adopt the September 6, 2019 Report and Recommendation of Magistrate Judge Roby and grant such other and further relief as may be just and proper.

---

[22] Docket doc. no. 158 at 1 n.1, citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997).
[23] Docket doc. no. 159 at 2.
[24] Docket doc. no. 158 at 15.

- 8 -
PD.27135679.1

Respectfully submitted,

**PHELPS DUNBAR LLP**

/s/ *Mary Ellen Roy*
Mary Ellen Roy, T.A. (La. Bar #14388)
Dan Zimmerman (La. Bar #2202)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
roym@phelps.com
dan.zimmerman@phelps.com

Barry I. Slotnick (*pro hac vice*)
Christian D. Carbone (*pro hac vice*)
**LOEB & LOEB, LLP**
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4162
Telecopier: (212) 202-7942
bslotnick@loeb.com
ccarbone@loeb.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 4th day of October, 2019, electronically filed the foregoing with the Clerk of the United State District Court for the Eastern District of Louisiana by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ *Mary Ellen Roy*